CEBULL, Chief U.S. District Judge,
dissenting:
The majority opinion establishes a new bright-line rule that workers who abandon their jobs because the business is closing have not “voluntarily departed” within the meaning of the WARN Act. For the following reasons, I respectfully dissent from the opinion of Judge Smith and the concurrence of Judge Rymer.
If Congress intended that every employee who leaves a job upon notice that the business is closing has “voluntarily departed,” then the WARN Act would say so. In fact, the DOL commentary on the passage of the WARN Act makes clear that a worker who decides to leave early after the announcement of a business closing has not necessarily been constructively discharged or quit involuntarily. 54 Fed. Reg. 16042, 16048 (April 20, 1989). The majority opinion now establishes the opposite as a matter of law.
In my view, the WARN Act’s recognition of constructive discharge, 20 C.F.R. § 639.3(f)(2), and the fact that constructive discharge can be established where the decision to resign was involuntary under circumstances not involving intolerable or discriminatory working conditions, see Knappenberger v. City of Phoenix, 566 F.3d 936, 940 (9th Cir.2009), protects parties similarly situated to the Employees. But as recognized by the district court, Employees neither argued nor presented a single declaration or deposition establishing that any Employee was constructively discharged. As the proponent of a WARN Act claim, Employees had the burden of proof to establish that fifty or more full-time employees at a single site of employment suffered an employment loss. Johnson v. TeleSpectrum Worldwide, Inc., 61 F.Supp.2d 116, 121 (D.Del.1999). Since an *1010 employee who voluntarily departs does not suffer an employment loss, 29 U.S.C. § 2101(a)(6), part of Employees’ burden was to establish they did not depart voluntarily.
The majority seizes upon interrogatory responses compiled a year after the fact by Saundra Godin, Gee West Seattle’s Human Resources Director, simply stating that the Employees who left after the announcement left their jobs because the “Business Closed.” Considering Godin’s testimony that many Employees simply walked off the job and that she was unable to determine when most Employees left, this evidence is speculative.
Accordingly, since I believe the district court correctly held that Employees’ WARN Act claim failed for lack of proof and see no need to create new law, I respectfully dissent.